US*** SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/9/12

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION, )
)
     Plaintiff, ) Civil Action No. 12-cv-7195 (PAE)
)
v. )
)
Finmaestros, LLC, also d/b/a technogennie, )
24x7pchelp, 24x7pctech, and Transfront Solutions, a )
limited liability company, )
)
New World Services, Inc. also d/b/a Megabites )
Solutions, an administratively dissolved corporation, )
)
Megabites Solutions, LLC, also d/b/a Mega Bites, )
Inc., and Mega Bits, Inc., a limited liability )
company, )
)
Greybytes Cybertech P. Ltd., also d/b/a )
Bluesystemcare, BSC, and 24x7 PCHelp, a )
corporation, )
)
Shine Solutions Private Limited, a corporation, )
)
Sanjeev K. Sood  a/k/a Sanjiv K. Sood, individually )
and as an officer of Finmaestros, LLC and New )
World Services, Inc., and )
)
Animesh Bharti, individually and as an officer of )
Shine Solutions Private Limited, )
)
     Defendants. )
)

## PRELIMINARY INJUNCTION

     Plaintiff, the Federal Trade Commission ("FTC" or the "Commission"), pursuant to

Page 1 of 23

Section 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, filed a Complaint for Injunctive and Other Equitable Relief, and applied *ex parte* for a temporary restraining order and for an order to show cause why a preliminary injunction should not be granted pursuant to Rule 65(b) of the Federal Rules of Civil Procedure. On September 25, 2012, Judge Engelmayer of the Southern District of New York granted the FTC's application and entered a Temporary Restraining Order and Order to Show Cause against Defendants Finmaestros, LLC, New World Services, Inc., Megabites Solutions, LLC, Greybytes Cybertech P. Ltd., Shine Solutions Private Limited, Sanjeev K. Sood, and Animesh Bharti ("Defendants").

## FINDINGS

The Court has considered the pleadings, declarations, exhibits, and memoranda filed in support of the Commission's motion for a preliminary injunction and finds that:

1.      This Court has jurisdiction of the subject matter of this case, and there is good cause to believe it will have jurisdiction over all parties hereto;

2.      There is good cause to believe that venue lies properly in this Court;

3.      There is good cause to believe that Defendants Finmaestros, LLC, New World Services, Inc., Megabites Solutions, LLC, Greybytes Cybertech P. Ltd., Shine Solutions Private Limited, Sanjeev K. Sood, and Animesh Bharti ("Defendants") have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a) and the Commission's Telemarketing Sales Rule ("TSR" or "Rule"), 16 C.F.R. Part 310. Plaintiff Commission therefore is likely to prevail on the merits of this action;

4.     The evidence set forth in the Commission's Memorandum of Law in Support of *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause ("TRO Motion"), and the accompanying declarations and exhibits, demonstrates that the Commission is likely to prevail on its claim that Defendants have engaged in deceptive acts or practices in violation of Section 5 of the FTC Act by making materially deceptive representations in connection with the marketing, selling, and distribution of computer security or technical support services;

5.     The evidence set forth also demonstrates that the Commission is likely to prevail on its claim that Defendants have engaged in acts or practices that have violated the TSR;

6.     There is good cause to believe that the Defendants will continue to engage in such unlawful actions if not immediately enjoined from doing so by Order of this Court.  There is also good cause to believe that immediate and irreparable damage to this Court's ability to grant effective final relief will result from the sale, transfer, or other disposition or concealment by the Defendants of their assets or business records, unless the Defendants are immediately enjoined by Order of this Court.  Based on the evidence set forth in the Commission's TRO Motion and in the accompanying declarations and exhibits, the Commission is likely to be able to prove that Defendants have engaged in a concerted course of unlawful activity in making materially deceptive representations in connection with the marketing, selling, and distribution of computer security or technical support services in violation of Section 5(a) of the FTC Act and the TSR. More specifically, the evidence reveals that Defendants go to great lengths to hide their identities from law enforcement and defrauded consumers, including (1) using multiple company names, websites, and phone numbers; (2) using privacy protection services to register their websites; (3)

using multiple United States and Indian addresses, with some of the United States addresses being virtual offices; and (4) pretending to be Microsoft or other reputable security companies to deceive consumers into speaking with the telemarketers. The Defendants also maintain foreign bank accounts and the Defendants frequently transfer money to their foreign accounts.

Thus, there is good cause to believe that Defendants will continue to engage in attempts to conceal the scope of their unlawful actions to avoid returning their ill-gotten gains to consumers injured by their unlawful practices if not enjoined from doing so by Order of this Court;

7.     There is good cause for the Court to order an asset freeze against the Defendants.  Based on the evidence set forth in the TRO Motion, the Commission is likely to be able to prove that Defendants have generated revenue from activity that violates Section 5 of the FTC Act and the TSR, including misrepresenting to consumers that they are from, affiliated with, or calling on behalf of well-known computer companies and that the consumers have security or performance issues on their computers, including viruses, spyware, or system errors, and calling telephone numbers on the National Do Not Call Registry.  An asset freeze as to the Defendants is necessary in order to preserve the possibility of complete and meaningful relief in the form of disgorgement and/or consumer redress at the conclusion of this litigation;

8.     Weighing the equities and considering the Commission's likelihood of ultimate success, a preliminary injunction halting Defendants' unlawful conduct, continuing the freeze as to all of the Defendants' assets, preserving business records, and providing other equitable relief is in the public interest; and

9.     Fed. R. Civ. P. 65(c) does not require security of the United States or an officer or agency

thereof for the issuance of a preliminary injunction.

## DEFINITIONS

For the purpose of this order, the following definitions shall apply:

1.  **"Assets"** means any legal or equitable interest in, right to, or claim to, any real, personal, or intellectual property of any Corporate Defendant or Individual Defendant or held for the benefit of any Corporate Defendant or Individual Defendant wherever located, including, but not limited to, chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, premises, contracts, mail or other deliveries, shares of stock, list of customer names, inventory, checks, notes, accounts, credits, receivables (as those terms are defined in the Uniform Commercial Code), funds, cash, and trusts, including but not limited to any other trust held for the benefit of any Corporate Defendant or Individual Defendant, any Individual Defendant's minor children, or any Individual Defendant's spouse.

2.  **"Corporate Defendants"** means Finmaestros, LLC, New World Services, Inc., Megabites Solutions, LLC, Greybytes Cybertech P. Ltd., Shine Solutions Private Limited and their successors, assigns, affiliates, or subsidiaries.

3.  **"Defendant" or "Defendants"** means, individually, collectively or in any combination: (a) each Corporate Defendant; and (b) each Individual Defendant;

4.  **"Document" or "Documents"** is synonymous in meaning and equal in scope to the usage of the term in the Federal Rules of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, Internet sites, Web pages, Web sites, electronic correspondence,

including e-mail and instant messages, photographs, audio and video recordings, computer records, contracts, accounting data, advertisements (including, but not limited to, advertisements placed on the World Wide Web), FTP Logs, Server Access Logs, USENET Newsgroup postings, World Wide Web pages, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, and other data compilations from which information can be obtained and translated, if necessary, through detection devices into reasonably usable form.  A draft or non-identical copy is a separate document within the meaning of the term.

5.  **"Individual Defendants"** means Sanjeev K. Sood individually and though and d/b/a, and Animesh Bharti individually and through any d/b/a.

6.  A **"Host"** or **"Hosting Company"** is the party that provides the infrastructure for a computer service.  With respect to web pages and web sites, a Host or Hosting Company maintains "Internet servers" – the computers on which web sites, web pages, Internet files, or resources reside.  The Host or Hosting Company also maintains the communication lines required to link the server to the Internet.  Often, the content on the servers (*i.e.,* content of the web pages) is controlled by someone other than the Host or Hosting Company.

7.  **"Plaintiff"** means the Federal Trade Commission.

8.  **"Representative"** means any person insofar as he or she is acting in the capacity of an

officer, agent, servant, employee, or attorney of any Corporate Defendant or any Individual Defendant; and all persons or entities in active concert or participation with any of the foregoing who receive notice of this Order by personal service or otherwise. (Fed. R. Civ. P. 65(d)).

9. **"Telemarketing"** means any plan, program or campaign (whether or not covered by the TSR, 16 C.F.R. Part 310) that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

10. The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary, and to make the applicable phrase or sentence inclusive rather than exclusive.

## PROHIBITED BUSINESS ACTIVITIES

### I.

**IT IS THEREFORE ORDERED** that Defendants and their Representatives are preliminarily restrained and enjoined from directly or indirectly misrepresenting, expressly or by implication, that: (1) they are from, affiliated with, or calling on behalf of any company other than Defendants' company; and (2) security or performance issues have been detected on a computer, including but not limited to claims that a computer contains viruses, spyware, or system errors.

## PROHIBITIONS AGAINST DECEPTIVE AND ABUSIVE TELEMARKETING PRACTICES

### II.

**IT IS FURTHER ORDERED** that, in connection with telemarketing, Defendants and

their Representatives are hereby preliminarily restrained and enjoined from engaging in or causing or assisting other persons to engage in, violations of any provision of the TSR, including, but not limited to, the following:

A.      Making a false or misleading statement to induce any person to pay for goods or services, in violation of Section 310.3(a)(4) of the TSR, 16 C.F.R. § 310.3(a)(4);

B.      Initiating any outbound telemarketing call to a person's telephone number on the National Do Not Call Registry of persons who do not wish to receive outbound telephone calls to induce the purchase of goods or services, in violation of Section 310.4(b)(1)(iii)(B) of the TSR, 16 C.F.R. § 310.4(b)(1)(iii)(B), unless:

(1)      the seller has obtained the express agreement, in writing, of such person to place calls to that person. Such written agreement shall clearly evidence such person's authorization that calls made by or on behalf of a specific party may be placed to that person, and shall include the telephone number to which the calls may be placed and the signature of that person; or

(2)      the seller has an established business relationship with such person and that person has not previously stated that he or she does not wish to receive outbound telemarketing calls made by or on behalf of Defendants;

C.     Initiating, or causing others to initiate, an outbound telephone call to a telephone number within a given area code without first, either directly or through another person, paying the required annual fee for access to the telephone numbers within that area code that are included in the National Do Not Call Registry, in violation of Section 310.8 of the TSR, 16 C.F.R. § 310.8; and

D.     Failing in any outbound telephone call to transmit or cause to be transmitted the telephone number, and, when made available by the telemarketer's carrier, the name of the telemarketer, to any caller identification service in use by a recipient of a telemarketing call, in violation of Section 310.4(a)(8) of the TSR, 16 C.F.R. § 310.4(a)(8).

## CUSTOMER LISTS

## III.

**IT IS FURTHER ORDERED** that the Defendants and their Representatives are hereby preliminarily restrained and enjoined from selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, social security number, credit card number, debit card number, bank account number, e-mail address, or other identifying information of any person who paid any money to any Defendant, at any time prior to entry of this Order, in connection with the telemarketing, advertising, promoting, offering for sale, and selling of computer services. Provided, however, that the Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

The Defendants are also hereby preliminarily restrained and enjoined from making any use of

their own customer lists in any business, whether or not related to the present action.

## SUSPENSION OF WEB SITES

### IV.

**IT IS FURTHER ORDERED** that any party hosting any webpage or website for any

Defendant and any domain registrar who has provided or is providing domain name registration

services on any Defendant's behalf are hereby preliminarily restrained and enjoined from failing

to:

     A.     Immediately take whatever steps may be necessary to ensure that any webpage or

website operated, in whole or in part, in connection with the Defendants' provision of computer

repair services cannot be accessed by the public; and

     B.     Prevent the destruction or erasure of any webpage or website operated, in whole or

in part, on any Defendant's behalf, preserving such documents in the format in which they are

currently maintained, and prevent the destruction or erasure of all records relating to the

Defendants.

## DISCONNECTION OF TELEPHONE NUMBERS

### V.

**IT IS FURTHER ORDERED** that any telephone service provider for any Defendant,

including but not limited to Voice Over Internet Protocol and telecommunications service

providers and toll-free forwarding services, who has provided or is providing telephone services

on any Defendant's behalf are hereby preliminarily restrained and enjoined from failing to immediately take whatever steps may be necessary to ensure that any telephone or fax number operated, in whole or in part, in connection with the Defendants' provision of computer repair services, is disconnected from service.

## ASSET FREEZE

## VI.

**IT IS FURTHER ORDERED** that the Defendants and their Representatives are hereby preliminarily restrained and enjoined from:

A. Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, consumer lists, shares of stock, or other assets, or any interest therein, wherever located, that are: (1) owned or controlled by the Defendants, in whole or in part, for the benefit of the Defendants; (2) in the actual or constructive possession of the Defendants; or (3) owned, controlled by, or in the actual or constructive possession of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant, including, but not limited to, any assets held by or for, or subject to access by, any of the Defendants, at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metals dealer, or other financial institution or depository of any kind;

B.      Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant, or subject to access by any of them;

C.      Incurring charges or cash advances on any credit card issued in the name, singly or jointly, of any Defendant;

D.      Obtaining a personal or secured loan titled in the name of any Defendant, or subject to access by any of them; and

E.      Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant.

*Provided, however,* that the assets affected by this Section shall include: (1) all of the assets of any Corporate Defendant or Individual Defendant existing as of the date this Order was entered; and (2) for assets obtained after the date this Order was entered, only those assets of any Corporate Defendant or Individual Defendant that are derived from conduct prohibited in Sections I and II.

## FINANCIAL REPORTS AND ACCOUNTING

## VII.

**IT IS FURTHER ORDERED** that, if they have not done so already in compliance with the temporary restraining order previously issued in this matter, each Individual Defendant and each Corporate Defendant, within five (5) business days of receiving notice of this Order, shall provide the Commission with completed financial statements, verified under oath and accurate as of the date of entry of this Order, on the forms attached to this Order as **Attachment A** for each

Corporate Defendant and **Attachment B** for each Individual Defendant.  Defendants shall include

in the financial statements a full accounting of all funds and assets, whether located inside or

outside of the United States, that are:  (a) titled in the name of any Defendant, jointly, severally,

or individually; (b) held by any person or entity for the benefit of any Defendant; or (c) under the

direct or indirect control of any Defendant.

## RETENTION OF ASSETS AND RECORDS
## BY FINANCIAL INSTITUTIONS

### VIII.

    **IT IS FURTHER ORDERED** that, pending determination of the Commission's request

for a preliminary injunction, any financial or brokerage institution, business entity, or person

served with a copy of this Order that holds, controls, or maintains custody of any account or asset

of any Corporate Defendant or Individual Defendant, or has held, controlled or maintained

custody of any such account or asset at any time since the date of entry of this Order, shall:

    A.  Hold and retain within its control and prohibit the withdrawal, removal, assignment,

transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of

any such asset except by further order of the Court;

    B.  Deny any Defendant access to any safe deposit box that is:

        1.    titled in the name of any Corporate Defendant or Individual Defendant,

individually or jointly; or

        2.    otherwise subject to access by any Corporate Defendant or Individual

Defendant;

C.   Provide the Commission's counsel, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

1.   the identification number of each such account or asset titled in the name, individually or jointly, of each Corporate Defendant or each Individual Defendant, or held on behalf of, or for the benefit of each Corporate Defendant or each Individual Defendant;

2.   the balance of each such account, or a description of the nature and the value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and

3.   the identification of any safe deposit box that is titled in the name, individually or jointly, of each Corporate Defendant or each Individual Defendant, or is otherwise subject to access by a Corporate Defendant or an Individual Defendant; and

D.   Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to each such account or asset, including but not limited to originals or copies of account applications, account statements, loan applications, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the Commission to obtain copies of any such records which the Commission seeks.

**FOREIGN ASSET REPATRIATION**

**IX.**

**IT IS FURTHER ORDERED** that, if they have not done so already in compliance with the temporary restraining order previously issued in this matter, within five (5) business days of receiving notice of this Order, each Corporate Defendant and each Individual Defendant shall:

A.   Provide the Commission with a full accounting, verified under oath and accurate as of the date of this Order, of all funds, documents, and assets outside of the United States which are:  (1) titled in the name, individually or jointly, of any Corporate Defendant or Individual Defendant; or (2) held by any person or entity for the benefit of any Corporate Defendant or Individual Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Corporate Defendant or Individual Defendant;

B.   Transfer to the territory of the United States all funds, documents, and assets located in foreign countries which are (1) titled in the name individually or jointly of any Corporate Defendant or Individual Defendant; or (2) held by any person or entity, for the benefit of any Corporate Defendant or Individual Defendant; or (3) under any Corporate Defendant's or Individual Defendant's direct or indirect control, whether jointly or singly;

*Provided, however,* any Defendant who currently does not hold an account at a financial institution located in the United States shall repatriate all assets and funds to this Court's Registry.

C.  Provide the Commission access to all records of accounts or assets of each Corporate Defendant and Individual Defendant held by financial institutions located outside the territorial United States by signing the Consent to Release of Financial Records attached to this Order as **Attachment C**.

## INTERFERENCE WITH REPATRIATION

## X.

**IT IS FURTHER ORDERED** that the Defendants are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Section IX of this Order, including but not limited to:

A.  Sending any statement, letter, fax, e-mail or wire transmission, telephoning or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement, until such time that all assets have been fully repatriated pursuant to Section IX of this Order;

B.  Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time that all assets have been fully repatriated pursuant to Section IX of this Order.

## ACCESS TO BUSINESS RECORDS

## XI.

**IT IS FURTHER ORDERED** that, if they have not done so already in compliance with the temporary restraining order previously issued in this matter, the Corporate Defendants and the Individual Defendants shall allow the Commission's employees and agents access to the Corporate Defendants' and Individual Defendants' business records to inspect and copy documents. Accordingly, the Corporate Defendants and Individual Defendants shall, within five (5) business days after receiving notice of this Order, produce to the Commission and the Commission's representatives, agents, and assistants for inspection, inventory, and/or copying, at Federal Trade Commission, 600 Pennsylvania Avenue NW, Room H-286, Washington DC 20580, Attention: Christine Todaro, the following materials: (1) all customer information, including, but not limited to, names, phone numbers, addresses, email addresses, customer complaints, and payment information for all consumers who have purchased Defendants' computer security or technical support services; (2) contracts; (3) correspondence, including, but not limited to, electronic correspondence and Instant Messenger communications, that refer or relate to the Defendants' computer security or technical support services; (4) an electronic copy of all advertisements for the Defendants' computer security or technical support services; and (5) accounting information, including, but not limited to profit and loss statements, annual reports, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or

property tax returns, and 1099 forms. The Commission shall return produced materials pursuant

to this Paragraph within five (5) business days of completing said inventory and copying.

## PRESERVATION OF RECORDS

### XII.

**IT IS FURTHER ORDERED** that the Defendants are hereby preliminarily restrained

and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, writing over,

or otherwise disposing of, in any manner, directly or indirectly, any documents or records of any

kind that relate to the business practices or business or personal finances of any of the Corporate

Defendants or Individual Defendants, including but not limited to, computerized files and storage

media on which information has been saved (including, but not limited to, floppy disks, hard

drives, CD-ROMS, zip disks, punch cards, magnetic tape, backup tapes, and computer chips), and

any and all equipment needed to read any such material, contracts, accounting data,

correspondence, advertisements (including, but not limited to, advertisements placed on the

World Wide Web or the Internet), FTP logs, Service Access Logs, USENET Newsgroup postings,

World Wide Web pages, books, written or printed records, handwritten notes, telephone logs,

telephone scripts, receipt books, ledgers, personal and business canceled checks and check

registers, bank statements, appointment books, copies of federal, state or local business or

personal income or property tax returns, and other documents or records of any kind that relate to

the business practices or business or personal finances of any of the Corporate Defendants or

Individual Defendants.

**IDENTIFICATION OF PRODUCTS AND WEB SITES**

**XIII.**

**IT IS FURTHER ORDERED** that, if they have not done so already in compliance with the temporary restraining order previously issued in this matter, the Corporate Defendants and the Individual Defendants shall, within five (5) business days of receiving notice of this Order, prepare and deliver to the Commission a completed statement, verified under oath and accurate as of the date of entry of this Order, identifying: (1) the name of each computer security or technical support service marketed and/or sold by the Defendants since 2008; (2) the URL and hosting facility for all websites associated with these services; and (3) the number of purchases and the total gross revenue received from purchases of each service.

**RECORD KEEPING/BUSINESS OPERATIONS**

**XIV.**

**IT IS FURTHER ORDERED** that the Defendants are hereby preliminarily restrained and enjoined from:

A.      Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect their incomes, disbursements, transactions, and use of money; and

B.      Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing the Commission with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business

entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

## EXPEDITED DISCOVERY

### XV.

**IT IS FURTHER ORDERED** that pursuant to Federal Rules of Civil Procedure 30(a), 31(a), 34, and 45, and notwithstanding the provisions of Federal Rules of Civil Procedure 26(d) and (f), 30(a)(2)(A), and 31(a)(2)(A), the Commission is granted leave, at any time after entry of this Order to:

1.      Upon reasonable notice, take the deposition of any person or entity, whether or not a party, for the purpose of discovering the nature, location, status, and extent of the assets of the Corporate Defendants and Individual Defendants; the location of any premises where the Defendants, directly or through any third party, conduct business operations; and the Individual Defendants' whereabouts; and

2.      Upon reasonable notice, demand the production of documents from any person or entity, whether or not a party, relating to the nature, status, and extent of the assets of the Corporate Defendants and Individual Defendants; the location of any premises where the Defendants, directly or through any third party, conduct business operations; and the Individual Defendants' whereabouts.

The provisions of this Section shall apply both to parties to this case and to non-parties. The limitations and conditions set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(ii) and

31(a)(2)(A)(ii) regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such depositions taken pursuant to this Section shall not be counted toward any limit on the number of depositions under the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure for the United States District Court for the Southern District of New York, including those set forth in Federal Rules of Civil Procedure 30(a)(2)(A)(i) and 31(a)(2)(A)(i). Service of discovery upon a party, taken pursuant to this Section, shall be sufficient if made through the means described in Section XVII of this Order.

## DISTRIBUTION OF ORDER BY DEFENDANTS

### XVI.

**IT IS FURTHER ORDERED** that the Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, hosting company, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, agent, attorney, and spouse of each Individual Defendant and each Corporate Defendant, and shall, within ten (10) days from the date of entry of this Order, provide the Commission with a sworn statement that the Individual Defendants and the Corporate Defendants have complied with this provision of the Order, which statement shall include the names, physical addresses, and e-mail addresses of each such person or entity who received a copy of the Order.

## AUTHORITY TO SERVE DEFENDANTS
## IN A FOREIGN COUNTRY BY EITHER EMAIL OR INTERNATIONAL COURIER

### XVII.

**IT IS FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 4(f)(3), Plaintiff may serve

this Order and all related documents on Defendants by email or private international courier.

### SERVICE OF ORDER

### XVIII.

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means,

including facsimile transmission, upon any financial institution or other entity or person that may

have possession, custody, or control of any documents of any Individual Defendant or Corporate

Defendant, or that may otherwise be subject to any provision of this Order. Service upon any

branch or office of any financial institution shall effect service upon the entire financial

institution.

### CONSUMER CREDIT REPORTS

### XIX.

**IT IS FURTHER ORDERED** that, pursuant to Section 604(1) of the Fair Credit

Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish a consumer

report concerning each Corporate Defendant and each Individual Defendant to the Commission.

## SERVICE UPON THE COMMISSION

### XX.

**IT IS FURTHER ORDERED** that, with regard to any correspondence or pleadings related to this Order, service on the Commission shall be performed by overnight mail delivery to the attention of Christine Todaro at the Federal Trade Commission, 600 Pennsylvania Avenue, NW, Room H-286, Washington, DC 20580.

## RETENTION OF JURISDICTION

### XXI.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**SO ORDERED,** this 9ᵗʰ day of October, 2012, at 4:30 p.m.

_____
Paul A. Engelmayer

The Honorable Paul A. Engelmayer
UNITED STATES DISTRICT JUDGE

Page 23 of 23