UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>    Plaintiff,<br>v.<br><br>Finmaestros, LLC et al.<br><br>    Defendants. | ) Civil Action No. 12-CIV-7195 (PAE)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PERMISSION TO SERVE THE DEFENDANTS THROUGH ALTERNATIVE MEANS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3)**

INTRODUCTION

The Federal Trade Commission ("FTC") respectfully requests that the Court, pursuant to Federal Rule of Civil Procedure 4(f)(3), authorize the FTC to serve Defendants Sanjeev Sood, Animesh Bharti, Finmaestros, LLC, New World Services, Inc., Shine Solutions Private Limited, and Greybytes Cybertech P. Ltd. ("Defendants")[1] with documents other than the Summons and

---

[1] With the exception of Finmaestros, LLC and New World Services, Inc., these defendants are located in India. Finmaestros, LLC is a Florida corporation. At the time the FTC filed this action, A1A Registered Agent Inc., in Florida, served as Finmaestros LLC's registered agent. A1A Registered Agent, Inc. accepted service of the complaint, summons, and related documents on behalf of Finmaestros, LLC on September 27, 2012. Florida Secretary of State records show that on October 5, 2012, A1A Registered Agent, Inc. resigned as Finmaestros, LLC's registered agent. At the time the FTC filed this action, Wyoming Corporate Services in Wyoming, served as New World Services, Inc.'s registered agent. Wyoming Corporate Services accepted service of the complaint, summons, and related documents on behalf of New World Services on September 27, 2012. On March 11, 2013, Wyoming Corporate Services resigned as New World Services, Inc.'s registered agent. Accordingly, the FTC intends to serve Finmaestros, LLC and New World Services Inc. with subsequent documents through its officer, Sanjeev Sood, who is located in India. The other defendants in this case, New World Services, Inc. and Megabites Solutions, LLC, are located in the United States and the FTC served them with the Complaint and Summons in accordance with Rule 4 of the Federal Rules of Civil Procedure. The FTC will continue to serve those defendants with subsequent documents pursuant to Rule 5 of the Federal Rules of Civil Procedure.

1

the Complaint,[2] through alternative means, including email.[3]

The FTC filed this action on September 24, 2012, alleging that the Defendants violated Section 5 of the FTC Act by deceiving consumers into purchasing the Defendants' computer security or technical support services and the Defendants violated the FTC's Telemarketing Sales Rule ("TSR") by, *inter alia*, making unauthorized calls to consumers who had registered their numbers on the National Do Not Call Registry.

Concurrently, the FTC sought, and the Court granted, a temporary restraining order, which froze the Defendants' assets and thwarted the Defendants' illegal practices. The FTC, in accordance with Federal Rule of Civil Procedure 4(f)(1) and the Hague Service Convention, submitted the Complaint, Summons, and related documents to the Indian Central Authority for service on the Defendants on September 27, 2012. To ensure the Defendants received timely notice of this litigation, the FTC also: (1) emailed the documents to the Defendants; (2) sent the documents to each Defendant via FedEx; and (3) hired a process server in India to serve personally the Defendants with the documents.[4] Although the FTC received confirmation that the request sent to the Indian Central Authority was delivered via FedEx, the Indian Central Authority has not responded to e-mail or phone inquiries regarding the status of our request for

---

[2] At this time, the FTC is not asking the Court to authorize it to serve the Complaint and Summons through alternative means because the FTC has followed the procedures provided for in Articles 3 and 5 of the Hague Service Convention to serve the documents on the Defendants. Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965 ("Hague Service Convention"), [1969] 20 U.S.R. 361, T.I.A.S. No. 6638. Should the Indian Central Authority fail to serve the Defendants, Article 15 of the Hague Service Convention permits a court to enter a judgment against a defendant where: (1) the documents to be served were transmitted by one of the methods provided for in the Hague Service Convention; (2) a period of time not less than six months has elapsed since the date of the transmission of the documents; and (3) despite reasonable efforts to obtain it, no certificate of service has been received.

[3] On March 7, 2013, this Court granted a similar motion in the related case *FTC v. PCCare247 Inc., et al.*, No. 12-civ-7189. If service through email is unsuccessful, the FTC will file a motion requesting to serve by publication.

[4] FedEx confirmed delivery for the Defendants by October 3, 2012. A process server in India served Defendants Sanjeev Sood, Animesh Bharti and Shine Solutions Pvt. Ltd on October 2, 2012. A process server in India served Defendant Greybytes Cybertech Pvt. Ltd. on October 3, 2012.

service, nor has the FTC received any confirmation of service upon any of the Defendants.

On October 9, 2012, the Court held a hearing to show cause why a Preliminary Injunction should not issue.[5]  On that same day, the Court issued a preliminary injunction against the Defendants.  During the hearing, the FTC received an email from Joel Dichter, an attorney based in NY.  Mr. Dichter later told the FTC that he represented Sanjeev Sood and Animesh Bharti, for settlement purposes only.  To date, Mr. Ditcher has never entered an appearance with this Court nor has he engaged in any meaningful settlement negotiations with the FTC.

Absent the Court's intervention, the FTC may be required to serve all subsequent documents on the Defendants in accordance with the Hague Convention.[6]  A court order authorizing the FTC to serve the Defendants through alternative means would enable the FTC to avoid the Hague Convention's time-intensive procedures and continue expeditiously with its case against the Defendants.

## LEGAL ANALYSIS

Under Rule 4(f)(3) of the Federal Rules of Civil Procedure, a plaintiff may serve a foreign defendant by alternative methods, as long as the means are directed by the court and are not prohibited by an international agreement.  The methods of service must also comport with due process and be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."

---

[5] Prior to the hearing, the FTC received emails from and spoke with Sanjeev Sood.  Despite this correspondence, none of the Defendants appeared for the hearing.

[6] Although there are some cases that permit service of non-case initiating documents under Rule 5, Article 1 of the Hague Convention applies in civil or commercial cases "where there is occasion to transmit a judicial document for service abroad."  *S.E.C v. Credit Bankcorp., Ltd*., No. 99 Civ. 11395 (RWS), 2011 WL 666158, at *4 (S.D.N.Y. Feb. 14, 2011); *S&S Machinery Corp., v. Wuhan Heavy Duty Machine Tool Group Co*., No. 07–CV–4909 (NGG)(RER), 2012 WL 958528, at *6 (E.D.N.Y. Jan. 13, 2012), *adopted by S&S Machinery Corp. v. Wuhan Heavy Duty Machine Tool Group Co.,* No. 07–CV–4909 (NGG)(RER), 2012 WL 958527 (E.D.N.Y. Mar. 21, 2012).  In light of any potential ambiguity in the Hague Convention's scope, the FTC in an abundance of caution requests that the Court authorize service upon the Defendants through alternative means pursuant to Federal Rule of Civil Procedure 4(f)(3). The FTC intends to serve the Defendants through the means provided in Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure as well.

*Madu, Edozie & Madu, P.C. v. Socketorks Ltd. Nigeria*, 265 F.R.D. 106, 115 (S.D.N.Y. 2010) (citing *Leussenhop v. Clinton County, N.Y.*, 466 F.3d 259, 269 (2d Cir. 2006) (citations omitted)); *see also, Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Rule 4(f)(3) provides the Court and the parties with broad flexibility in obtaining service in unanticipated or exigent circumstances, particularly when a service convention does not offer an appropriate or timely means of service.  Service under this subsection is neither a last resort nor extraordinary relief, but merely one of several ways to serve process on an international defendant.  *United States v. Lebanese Canadian*, 285 F.R.D. 262, 265-66 (S.D.N.Y. 2012). Parties are not required to attempt service of process by way of any of the other methods enumerated in Rule 4(f) before asking the court for alternative relief under Rule 4(f)(3).  *Rio Props.*, 284 F.3d at 1014–15.  Some courts in the Second Circuit, however, require a plaintiff to show that it made attempts to serve the defendant in accordance with the Hague Service Convention and that the circumstances are such that the court's intervention is necessary.  *Madu*, 265 F.R.D. at 115-16.  The decision whether to authorize service under Rule 4(f)(3) is left to the sound discretion of the court.  *Lebanese Canadian,* 285 F.R.D. at 266.

Here, the service by email is not prohibited by international agreement and such service comports with due process.  Furthermore, the FTC's attempted service of the Summons and Complaint pursuant to the Hague Service Convention has been pending for six months, which further justifies the Court's intervention.

> **1. The FTC proposes serving the Defendants through email – which is not prohibited by international agreement.**

The United States and India are signatories to the Hague Service Convention.[7]  Article 2

---

[7] The Hague Conference on Private International Law maintains a list of signatories *available at* http://www.hcch.net/index_en.php?act=conventions.status&cid=17.

4

of the Hague Service Convention requires all judicial documents in civil matters to be served through a Central Authority.  *See* Hague Service Convention, Art. 2.  Article 10, however, allows for service of process through means other than the signatory's Central Authority as long as the destination state does not object to those means.  Hague Service Convention, Art. 10.  Specifically, Article 10 allows for service through postal channels or through judicial officers or officials in the destination state.  *Id.*  India objects to each method of service permitted under Article 10.[8]   India's objections to alternative means of service, however, are limited to those specifically described in Article 10.  *Gurung v. Malhotra*, 279 F.R.D. 215, 219-20 (S.D.N.Y. 2011).  Thus, the Court is free to order alternative means of service not explicitly stated in Article 10.  *Id.*

The method proposed by the FTC is not specified in Article 10.  Indeed, Article 10 does not mention service by electronic mail and courts have permitted plaintiffs to serve defendants by email in countries that object to Article 10.  *Gurung*, 279 F.R.D. at 220 (India's "objection to service through postal channels does not amount to an express rejection of service via electronic mail"); *Williams–Sonoma Inc. v. Friendfinder Inc.,* No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D.Cal. Apr. 17, 2007) (permitting service by electronic mail for defendants in countries that objected to Article 10 of the Hague Convention); *MacLean-Fogg Co. v. Ningbo Fastlink Equipment Co., Ltd.*, No. 08 CV 2593, 2008 WL 5100414 (N.D.Ill., Dec. 1, 2008) (permitting service by electronic mail for defendants in countries that objected to Article 10); *but see Agha v.*

---

[8] *See* Declarations, Reservations, Hague Conference on Private International Law, *available at* http://www.hcch.net/index_en.php?act=status.comment&csid=984&disp=resdn.

*Jacobs*, No. C 07-1800 RS, 2008 WL 2051061 (N.D.Cal May 13, 2008).[9] In addition, the FTC is unaware of any other international treaty that would preclude this method of service.

### 2. The proposed method of service is reasonably calculated, under all the circumstances, to apprise the Defendants of the pendency of the action and afford them an opportunity to present their objections.

Service through email is not only permissible, but also is the most likely method to provide the Defendants with notice of future filings and thus comport with due process. For instance, the Defendants have used email to communicate with consumers,[10] the FTC[11], and other third parties.[12] And, although the Defendants have used an array of email addresses, the FTC believes it has at least one valid email address for the Defendants.[13] Therefore, service by

---

[9] In *Agha*, the plaintiff sought the court's permission to serve the defendants with the summons and complaint through email and fax. The defendants were located in Germany, which is a signatory to the Hague Convention and objects to Article 10. At the time of the request, the plaintiff had not previously attempted service pursuant to the Hague Convention. Although the court acknowledged that in some circumstances service through email and fax could be proper, the court denied the plaintiff's request. Unlike the facts in *Agha*, the facts before the Court justify service through email. As discussed below, the FTC has attempted to serve the Defendants through the Hague Convention to no avail, the Defendants regularly communicate through email, and judicial efficiency and the public interest mandate efficient resolution of this matter, which can be accomplished through service by email.

[10] *See* Plaintiff's Memorandum in Support of TRO and PI, Ex. 1 (defendants told consumer to email customersupport@greybytes.net with any questions she may have).

[11] Defendant Sood, using the email address, jeevcal@gmail.com, contacted the FTC upon receiving notice of this action.

[12] *See, e.g.,* Plaintiff's Memorandum in Support of TRO and PI, Ex. 27, Att. F, G.

[13] The FTC intends to serve defendants Finmaestros, LLC, New World Services, Inc., and Shine Solutions Pvt. Ltd. through their directors, Sanjeev Sood and Animesh Bharti. The FTC proposes serving defendant Sanjeev Sood using the email address jeevcal@gmail.com. The FTC confirmed, through Civil Investigative Demands that defendant Sood used this email address to: (1) register websites used by the defendants; (2) correspond with GoDaddy regarding websites used by the defendants; and (3) set up a Google Checkout account for defendant Finmaestros, LLC. *See* Plaintiff's Memorandum in Support of TRO and PI, Ex. 27, Att. F, G. In addition, Sanjeev Sood has used this email address to contact the FTC. The FTC proposes serving defendant Animesh Bharti using the email address animeshbharti1@gmail.com. The FTC confirmed, through Civil Investigative Demands that defendant Bharti used this email address to register websites used by the defendants. *See* Plaintiff's Memorandum in Support of TRO and PI, Ex. 27, Att. F, p. 226. Consumers who purchased the defendants' services also received email addresses from that address. *See* Plaintiff's Memorandum in Support of TRO and PI, Ex. 26, ¶11. The FTC proposes serving defendant Greybytes Cybertech P. Ltd. using the email address customersupport@greybytes.net. The defendants included this email address on an invoice sent to at least one consumer who purchased their services. *See* Plaintiff's Memorandum in Support of TRO and PI, Ex. 1 (defendants told consumer to email customersupport@greybytes.net with any questions she may have). The defendants also used this email address to contact the FTC upon receiving notice of this action.

email is reasonably calculated to apprise the Defendants of the pendency of the action and afford them an opportunity to respond.

>    3. **The FTC has already attempted service through the Hague Convention to no avail and the Court should intervene so the FTC can expeditiously proceed with this case.**

In order to serve the Defendants with the Summons and Complaint, the FTC, pursuant to Federal Rules of Civil Procedure 4(f)(1) and 4(h), followed the procedures of the Hague Convention and submitted the Complaint, Summons, and related documents to the Indian Central Authority on September 27, 2012. The package was delivered to the Indian Central Authority on October 1, 2012. To the FTC's knowledge, the Central Authority has not yet served the Defendants. Moreover, the Central Authority has not responded to the FTC's inquiries regarding the status of the service.

Unless the Court authorizes the FTC to serve all subsequent documents on the Defendants through alternative means, the FTC may be required to serve the Defendants pursuant to the Hague Convention, which will likely result in tremendous delay.[14] Authorizing service under Rule 4(f)(3) is appropriate where, as here, the Hague Convention will not permit service within the time required by the circumstances. *Richmond Technologies, Inc., v. Aumtech Bus. Solutions*, No. 11–CV–02460–LHK, 2011 WL 2607158 (N.D. Cal. July 1, 2011) (authorizing service through Rule 4(f)(3) where service through the Hague Convention would take 6-8 months). It has been at least six months since the FTC submitted the Summons and Complaint to the Indian Central Authority to serve the Defendants pursuant to the Hague Convention. To avoid future undue delay, the Court's intervention and authorization allowing

---

[14] Although Rule 4 is primarily concerned with service of process, courts may use Rule 4's mechanisms to serve judicial documents, such as a default judgment, on foreign defendants. C.f. *S.D.N.Y. Clerk's Office Foreign Mailing Instructions* at 1, *available at* http://www.nysd.uscourts.gov/file/forms/foreign-mailing-instructions/.

the FTC to serve the Defendants through alternative means is necessary to proceed expeditiously with this case.

## CONCLUSION

The FTC's proposed method of service is not prohibited by international agreement and is reasonably calculated to apprise the defendants of the pendency of this action. Moreover, it has been at least six months since the FTC attempted to serve the Defendants through the Hague Convention. Thus, the Court's intervention is necessary to enable this case to proceed in a timely manner.

Respectfully submitted,

Dated: April 9, 2013

David C. Shonka
Acting General Counsel

 /s/ Christine M. Todaro
Christine M. Todaro, OH Bar #0084976
Colleen B. Robbins, SDNY Bar #CB5086
Kelly Horne, CA Bar #242675
Benjamin R. Davidson, DC Bar #975509
Federal Trade Commission
600 Pennsylvania Ave. NW
Washington, DC 20580
(202) 326-2548; crobbins@ftc.gov
(202) 326-3711; ctodaro@ftc.gov
(202) 326-3031; khorne@ftc.gov
(202) 326-3055; bdavidson@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

**CERTIFICATE OF SERVICE**

      I, Christine Todaro, certify that on April 9, 2013, the foregoing PLAINTIFF FEDERAL TRADE COMMISSION'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR PERMISSION TO SERVE THE DEFENDANTS THROUGH ALTERNATIVE MEANS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)(3) was filed using the Court's CM/ECF system.

      I further certify that on this same date, a true and correct copy of the foregoing was served, via email and/or overnight mail to the following non-ECF participants:

    Joel Ditcher
    Sanjeev Sood
    Animesh Bharti
    Finmaestros, LLC
    Megabites Solutions, LLC
    Shine Solutions Private Limited
    Greybytes Cybertech P. Ltd.
    New World Services, Inc.

                                      /s/ Christine M. Todaro
                                      Christine M. Todaro